Kevin S. Simon (State Bar No. 168467)
Jennifer K. Achtert (State Bar No. 197263)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2340
San Francisco, California 94111-3712
Telephone: (415) 490-9000
Facsimile: (415) 490-9001
E-mail: ksimon@laborlawyers.com
E-mail: jachtert@laborlawyers.com

Attorneys for Defendant
PAC PIZZA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAKESH CHRISTIAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PAC PIZZA, LLC;<br><br>　　　　　　Defendant. | Civil Action No. C 07-06224 JL<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Complaint filed: October 22, 2007 |

　　　　Defendant PacPizza, LLC ("Defendant"), by and through its counsel, hereby answers the unverified Complaint of plaintiff Rakesh Christian ("Plaintiff"), and provides notice of its affirmative defenses as follows:

　　　　1.　　Defendant admits that its address is 220 Porter Drive, San Ramon, California, and admits that Tanzeer Ahmed is its Director of Operations. Apart from these admissions, Defendant denies each and every allegation contained in Paragraph 1 of the Complaint.

　　　　2.　　Defendant states that Paragraph 2 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

The Complaint, and each cause of action stated therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Defenses)

The Complaint, and each cause of action stated therein, is barred by the doctrines of waiver and estoppel, unclean hands, laches and/or forfeiture.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are limited or barred, in whole or in part, by Plaintiff's failure to comply with all statutory, jurisdictional and procedural requirements under applicable law, including the Fair Employment and Housing Act and Title VII of the Civil Rights Act of 1964, as amended, and failure to exhaust his administrative remedies thereunder. (Cal. Gov't Code § 12965(b); 42 U.S.C. §§ 2000e, *et seq.*)

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are limited or barred to the extent that they are beyond the scope of Plaintiff's Charge of Discrimination. (Cal. Gov't Code § 12965(b); 42 U.S.C. §§ 2000e, *et seq.*)

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action therein is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Government Code sections 12960(d) and 12965(b), and 42 U.S.C. § 2000e-5.

/ / /

/ / /

### SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

Plaintiff's claims and/or recovery of damages on his claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing and/or retaliatory conduct by its employees at all times, and to the extent that Plaintiff unreasonably failed to use Defendant's established complaint procedures. (Cal. Gov't Code §12940 *et seq.*; 42 U.S.C. § 2000e, *et seq.*)

### SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Plaintiff's claims, or his recovery of damages thereon, are barred, in whole or in part, to the extent that Defendant had no knowledge or notice, constructive or otherwise, of the alleged misconduct or of the unfitness of any employee alleged to have engaged in misconduct, discrimination, or retaliation.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State A Claim for Punitive Damages)

To the extent Plaintiff seeks punitive damages, his claim fails to state facts sufficient to obtain such damages against Defendant. (See Cal. Civil Code § 3294.) To the extent Plaintiff's claims for punitive damages rely upon alleged acts by Defendant's alleged agents purportedly imputed to Defendant, the limitations inherent in general agency principles prohibit such recovery.

### NINTH AFFIRMATIVE DEFENSE

### (Claims Barred by His Own Conduct)

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own conduct.

### TENTH AFFIRMATIVE DEFENSE

### (Constitutional Defenses to Punitive Damage Claims)

To the extent Plaintiff seeks punitive damages, his claim is barred, in whole or in part, by the United States and California Constitutions, because (a) the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of

punitive damages violates Defendant's rights to due process of law, to equal protection of the law, the right to be free from the unlawful taking of property, the right to be free of excessive fines and all other substantive and procedural protections of the Constitutions applicable to punitive damages, (b) such claims discriminate against Defendant on the basis of wealth and because different amounts can be awarded against two or more defendants for the same conduct where those defendants differ only in material wealth, (c) such claims violate the Separation of Powers Doctrine since this Court would be usurping the exclusive power of the legislature to define crimes and establish punishment, and/or (d) such claims operated as an *ex post facto* law in that any such award would effectively be criminalizing conduct after it has occurred and without appropriate advance notice to Defendant that such conduct may subject it to such punishment.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Good Faith of Defendant)**

To the extent Plaintiff seeks punitive damages, his claim is barred, in whole or in part, because of Defendant's good faith efforts to comply with the applicable laws.

### TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff has failed to exercise reasonable diligence in mitigating his alleged damages, if any, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Exclusive Workers' Compensation Remedy)**

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Workers' Compensation Act. (Cal. Labor Code §§ 3600, *et seq.*)

/ / /

/ / /

/ / /

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Cause)

Plaintiff's claims are barred or limited to the extent that Plaintiff suffered any symptoms of mental or emotional distress or injury which is the result of any pre-existing condition or alternative concurrent or subsequent cause, and not the result of any act or omission of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Reasons/Privilege/Good Cause)

The Complaint, and each purported cause of action therein, is barred because all conduct of Defendant affecting the terms and/or conditions of Plaintiff's employment was for legitimate non-discriminatory reason(s), was privileged and/or justified, and was done with good cause. Even if Defendant had considered a prohibited factor in any decision, which Defendant denies, Defendant would have made the same decision in any event for lawful reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset for Other Income Received)

Plaintiff's claims for damages are barred to the extent of any interim earnings or other mitigation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (ERISA Preemption)

Plaintiff's recovery of any compensatory or other monetary damages for any alleged loss of fringe benefits, including medical or retirement benefits, is barred, in whole or in part, on the grounds that the exclusive remedy for such alleged damages is the Employee Retirement and Income Security Act (ERISA) 29 U.S.C. sections 1001, *et seq.*

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's claims or recovery of damages pursuant to his Complaint may be barred, in whole or in part, based on the after-acquired evidence doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Conduct Beyond the Course and Scope of Employment/Lack of Agency)**

If any alleged discriminatory, retaliatory, or other improper conduct occurred, which Defendant denies, Defendant is not liable because (a) any person allegedly engaging in any such conduct was not acting as an employee or agent of Defendant, (b) such conduct was outside the course, scope, and/or authority of any employee or agent of Defendant, (c) Defendant was not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard for Defendant's interests, rules, policies and/or procedures.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

Defendant expressly reserves its right to amend this answer and to assert additional affirmative defenses, and to supplement, alter or change this answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon Defendant's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant PacPizza, LLC prays that judgment be entered in favor of Defendant and against Plaintiff Rakesh Christian, that Plaintiff take nothing by way of his Complaint against Defendant, and that Defendant be awarded its costs of suit, including reasonable attorneys' fees, and such other relief that this Court may deem appropriate.

Dated: December 13, 2007

Respectfully submitted,
FISHER & PHILLIPS LLP

By: /s/ Jennifer Achtert
Jennifer Achtert
Attorneys for Defendant
PAC PIZZA, LLC

# PROOF OF SERVICE

I am a citizen of the United States and a resident of Contra Costa County. I am over 18 years of age and not a party to this action. My business address is One Embarcadero Center, Suite 2340, San Francisco, CA 94111. On this date I served the within

**DEFENDANT'S ANSWER TO COMPLAINT**

in said action:

✓ (by mail) on all parties in said action in accordance with Code of Civil Procedure §1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Fisher & Phillips, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of San Francisco, California.

____ (by Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

____ (by facsimile transmission) on all parties in said action, by transmitting a true and correct copy thereof from our office facsimile machine, (415) 490-9001, to the facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

____ (by e-mail transmission) on all parties in said action, by transmission of a true and correct copy thereof from our office to the e-mail addresses below in accordance with California Rules of Court 2.260.

Rakesh Christian
22174 Pesalta Street
Hayward, CA 94541
(510) 537-1674

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 13, 2007, at San Francisco, California.

Carol S. Ferrari

PROOF OF SERVICE